UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

ROBERTO SANCHEZ
    Petitioner

V.                                           Case No: 08-CR-789 (RJS)

UNITED STATES OF AMERICA
    Respondent

MOTION TO MODIFY A TERM OF IMPRISONMENT UNDER 18 U.S.C. 3582(c)(1)(A)(i)/IMPOSE A REDUCED SENTENCE UNDER

SECTION 404 OF THE FIRST STEP ACT.

And now on this day, April 8, 2019 Petitioner Roberto Sanchez, moves this Honorable Court, pursuant to 18 U.S.C 3582(c)(1)(A)(i), the First Step Act now provided that an inmate can bring a request to "modify a term of imprisonment" directly to a sentencing court, rather than requiring a motion made by the Bureau of Prisons, based on a claim that "extraordinary and compelling reasons warrant such a reduction" see United States v. Marks Case no. 03-CR-6023 (WDNY Mar. 14, 2019) & Holloway decision of a few years ago where EDNY Judge Gleason convinced the U.S. Attorney to consent to an otherwise unauthorized court order cutting an inmates sentence due to "extraordinary and compelling reasons that warrant such a reduction".

Section 404 of the First Step Act gives this Court jurisdiction and discretion to "impose" a reduced sentence of any length consistent with section 841(b)(1)(A), without limitations on what the Court may consider, see section 404(b). Further, section 404(b) gives the Court jurisdiction to "impose a reduced sentence. Congress's choice of the verb "impose" instead of "modify" or "reduce", is significant. Federal sentencing statutes use the verb "imposed" to mean "sentence" in light of all relevant factors. See e.g 18 U.S.C. section 3553(a) "the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purpose set forth in paragragh (2) of the section"; section 3553(a)(2) directing the courts to consider "the need for the sentence imposed" in light of the purpose of sentencing.

It is evident Congress enacted section 404 to rectify the wrongs of oversentencing. At this point, more than ten years into his prison sentence, and beyond the sentencing statute's mandatory minimum, it manifests in Mr. Sanchez's behavior that the 3553(a) factors considered in his imposed sentence, no longer apply. The nature and circumstances of the offense and the history and characteristics of the defendant have all changed after more than ten years. The social stigma attached

to non-violent drug crimes is changing. There has been a cultural shift from the ideology of excessive punishment. The intended effects of excessive sentencing has not been perceived, and a new epidemic of mass incarceration now exists. There has been a bipartisan push to promote treatment for addicts and sentencing reform for non-violent drug offenders.

The need for the sentence that was imposed upon Mr. Sanchez over ten years ago is now more than necessary under the contemporary shift in bipartisan ideology. The movant's current time served, which is greater than his mandatory minimum, has reflected the seriousness of the offense, promoted respect for the law, and provided more than fair and just punishment for the offense.

EXTRAORDINARY AND COMPELLING REASONS WARRANTING A REDUCTION:

I was sentenced to a term of 240 months which commenced on August 10, 2008. Presently, I have completed over half of my period of incarceration and believe in my heart, that the government's handling of my life changed it for the better. Through the last ten years of my life, I have had much time for reflection and introspection. The gravity of my offense, which seemed to escape me years ago, has been brought into clear focus. I have seen the impact that drugs have had upon my fellow travelers in this challenging world of prison, and the havoc drugs wreaked on their lives and the lives of their victims and families, not to mention the widespread societal damage drugs caused. While I was a first time offender in a non-violent way, my punishment was deserved because of the critical role I formerly played in this horribly toxic process. While prison is a hard teacher, it nevertheless has made me fully recognize the wrongful path I once traveled, and has also given me absolute resolve to use my experience as a positive tool to better myself, my family, my environment, and, to the extent I can, society.

My extraordinary accomplishments while incarcerated are numerous: I have completed over 100 prison programs from RDAP, Victim impact groups, to obtaining my GED. (see Attachment A "Achievement Awards). I also earned my certification to operate Heavy Equipment Trucks, Dump trucks, Back Hoe, Front Loader, BOP Buses and Vans. (See Attachment B "Heavy operators License"). I have received many furloughs granted to me because of my flawless disciplinary record. All of these are compelling evidence of a new path. Not only have I been rewarded with a transfer to a camp without locks, fences, or walls, I also have a job that allows me to drive outside the camp boundaries. This demonstrates the trust given to me by the Bureau of Prison. (Attachment C "Inmate Progress Report"). My Family is another compelling reason. My family has indeed acutely felt the separation from their father. Notwithstanding this reality, I have coached from afar, instilling in my children the most producive values and am proud to report that my older children have surpassed the many barriers of losing their dad and have nonetheless attained great successes as productive and exemplary members of society. My son Carlos Sanchez, is an Administrator of Police Precinct in the Bronx. Robert Sanchez Jr. is a middle school math teacher at IS 37. Jenny Sanchez is a Lieutenant in the 44th Precinct in the Bronx, and my son Chris Sanchez is a Police Officer in Trenton New

Jersey. My biggest concern now is my youngest daughter Hope Francesca Sanchez (See attachment D), who is 15 years old and has not had my steady hand to mold her, as she was only 5 when I was sent away. I have missed all of the many life events with my wonderful family and the tragic loss of my mother at only 63 years old. I write to you to share not only my apology for the life I have wasted, but to share the positive changes that have been realized. I would respectfully ask for your kind consideration the possibility of you providing intervention to lighten my load. If I could rejoin my family now, I am convinced that I could continue producing the correct life choices for my young daughter, Hope Francesca, and continue stewarding my other children so that the wrong that I did can continue to be changed into the positive of having my family's productivity partially atone for my sins. Please allow me to rejoin society as one who has seen the light of redemption. Your consideration to this request is appreciated beyond words.

## CONCLUSION

Petitioner Sanchez respectfully requests this honorable Court to impose a new sentence under 18 U.S.C 3582 & Section 404(b) of the First Step Act. It would not be completely unorthodox, considering the many commutations given under President Obama or the commutations being considered by President Trump, to impose: (1) a significantly reduced sentence; (2) a period of home confinement from the current time served; (3) or an early release to a halfway house from the current time served.

Thank you very much for your time and consideration.

Date: 4-8-19

Roberto Sanchez