UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

ROBERTO SANCHEZ,

            Defendant.

No. 08-cr-789-1 (RJS)
ORDER

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/16/19

RICHARD J. SULLIVAN, Circuit Judge:

    The Court is in receipt of a *pro se* motion from Defendant to reduce his term of imprisonment pursuant to the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194. (Doc. No. 395 ("Mot.").) For the reasons set forth below, Defendant's motion is denied.

    Defendant moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), on the basis that "extraordinary and compelling reasons" warrant such a reduction. (Mot. at 2.) Prior to the First Step Act, "only the Director of the [BOP] could file a motion for compassionate release." *United States v. Gutierrez*, No. 05-cr-0217, 2019 WL 1472320, at *1 (D.N.M. Apr. 3, 2019). However, after passage of the First Step Act, federal courts may now "modify a term of imprisonment" and order compassionate release either "upon motion of the [BOP]" or "upon motion of the defendant," but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

    Defendant moves for compassionate release, but does not state whether he has "fully exhausted all administrative rights" as Section 3582(c)(1)(A) requires. Accordingly, his motion is denied without prejudice to renewal in the event that Defendant exhausts administrative remedies as Section 3582(c)(1)(A) requires.

    Defendant also mentions Section 404(b) of the First Step Act in his motion. Section 404(b) states the Court may "impose a reduced sentence as if sections 2 or 3 of the Fair Sentencing Act of 2010 . . .

were in effect at the time the covered offense was committed." The Fair Sentencing Act increased the threshold amount of crack cocaine "from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10–year minimum." *Dorsey v. United States*, 567 U.S. 260, 269 (2012). However, Defendant pleaded guilty to Count One of the Superseding Indictment, which charged him with conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (Doc. No. 343 at 3.) Section 404(b) permits a reduced sentence only if the Court "imposed a sentence for a covered offense" as defined in Section 404(a). Defendant's statutory penalties were not modified by the Fair Sentencing Act; consequently, it is not a "covered offense," and therefore he is ineligible for relief under § 404(b) of the First Step Act. *See United States v. Rose*, 379 F. Supp. 3d 223, 227 (S.D.N.Y. 2019) ("Section 404(a) defines 'covered offense' as a 'violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010.'").

Defendant also points to numerous accomplishments he has achieved while incarcerated, including his completion of over 100 prison programs. The Court commends Defendant on these achievements. However, it is without power to modify his term of imprisonment on the basis of such behavior alone.

For the foregoing reasons, the Court DENIES Defendant's motion to modify his term of imprisonment, without prejudice to renewal in the event he has exhausted the requisite administrative remedies.

The Clerk of the Court is respectfully directed to terminate the motion pending at Doc No. 395, and to mail a copy of this Order to Defendant.

SO ORDERED.

Dated:  August 16, 2019
        New York, New York

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation