UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

ROBERTO SANCHEZ
    Petitioner

V.                                        Case No: 08-CR-789 (RJS)

UNITED STATES OF AMERICA
    Respondent

MOTION TO MODIFY A TERM OF IMPRISONMENT UNDER 18 U.S.C. 3582(c)(1)(A)(i)/IMPOSE A REDUCED SENTENCE UNDER

SECTION 404 OF THE FIRST STEP ACT.

    And now on this day, April 8, 2019 Petitioner Roberto Sanchez, moves this Honorable Court, pursuant to 18 U.S.C 3582(c)(1)(A)(i), the First Step Act now provided that an inmate can bring a request to "modify a term of imprisonment" directly to a sentencing court, rather than requiring a motion made by the Bureau of Prisons, based on a claim that "extraordinary and compelling reasons warrant such a reduction" see United States v. Marks Case no. 03-CR-6023 (WDNY Mar. 14, 2019) & Holloway decision of a few years ago where EDNY Judge Gleason convinced the U.S. Attorney to consent to an otherwise unauthorized court order cutting an inmates sentence due to "extraordinary and compelling reasons that warrant such a reduction".

    Section 404 of the First Step Act gives this Court jurisdiction and discretion to "impose" a reduced sentence of any length consistent with section 841(b)(1)(A), without limitations on what the Court may consider, see section 404(b). Further, section 404(b) gives the Court jurisdiction to "impose a reduced sentence. Congress's choice of the verb "impose" instead of "modify" or "reduce", is significant. Federal sentencing statutes use the verb "imposed" to mean "sentence" in light of all relevant factors. See e.g 18 U.S.C. section 3553(a) "the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purpose set forth in paragragh (2) of the section"; section 3553(a)(2) directing the courts to consider "the need for the sentence imposed" in light of the purpose of sentencing.

    It is evident Congress enacted section 404 to rectify the wrongs of oversentencing. At this point, more than ten years into his prison sentence, and beyond the sentencing statute's mandatory minimum, it manifests in Mr. Sanchez's behavior that the 3553(a) factors considered in his imposed sentence, no longer apply. The nature and circumstances of the offense and the history and characteristics of the defendant have all changed after more than ten years. The social stigma attached

to non-violent drug crimes is changing. There has been a cultural shift from the ideology of excessive punishment. The intended effects of excessive sentencing has not been perceived, and a new epidemic of mass incarceration now exists. There has been a bipartisan push to promote treatment for addicts and sentencing reform for non-violent drug offenders.

The need for the sentence that was imposed upon Mr. Sanchez over ten years ago is now more than necessary under the contemporary shift in bipartisan ideology. The movant's current time served, which is greater than his mandatory minimum, has reflected the seriousness of the offense, promoted respect for the law, and provided more than fair and just punishment for the offense.

## EXTRAORDINARY AND COMPELLING REASONS WARRANTING A REDUCTION:

I was sentenced to a term of 240 months which commenced on August 10, 2008. Presently, I have completed over half of my period of incarceration and believe in my heart, that the government's handling of my life changed it for the better. Through the last ten years of my life, I have had much time for reflection and introspection. The gravity of my offense, which seemed to escape me years ago, has been brought into clear focus. I have seen the impact that drugs have had upon my fellow travelers in this challenging world of prison, and the havoc drugs wreaked on their lives and the lives of their victims and families, not to mention the widespread societal damage drugs caused. While I was a first time offender in a non-violent way, my punishment was deserved because of the critical role I formerly played in this horribly toxic process. While prison is a hard teacher, it nevertheless has made me fully recognize the wrongful path I once traveled, and has also given me absolute resolve to use my experience as a positive tool to better myself, my family, my environment, and, to the extent I can, society.

My extraordinary accomplishments while incarcerated are numerous: I have completed over 100 prison programs from RDAP, Victim impact groups, to obtaining my GED. (see Attachment A "Achievement Awards). I also earned my certification to operate Heavy Equipment Trucks, Dump trucks, Back Hoe, Front Loader, BOP Buses and Vans. (See Attachment B "Heavy operators License"). I have received many furloughs granted to me because of my flawless disciplinary record. All of these are compelling evidence of a new path. Not only have I been rewarded with a transfer to a camp without locks, fences, or walls, I also have a job that allows me to drive outside the camp boundaries. This demonstrates the trust given to me by the Bureau of Prison. (Attachment C "Inmate Progress Report"). My Family is another compelling reason. My family has indeed acutely felt the separation from their father. Notwithstanding this reality, I have coached from afar, instilling in my children the most producive values and am proud to report that my older children have surpassed the many barriers of losing their dad and have nonetheless attained great successes as productive and exemplary members of society. My son Carlos Sanchez, is an Administrator of Police Precinct in the Bronx. Robert Sanchez Jr. is a middle school math teacher at IS 37. Jenny Sanchez is a Lieutenant in the 44th Precinct in the Bronx, and my son Chris Sanchez is a Police Officer in Trenton New

Jersey. My biggest concern now is my youngest daughter Hope Francesca Sanchez (See attachment D), who is 15 years old and has not had my steady hand to mold her, as she was only 5 when I was sent away. I have missed all of the many life events with my wonderful family and the tragic loss of my mother at only 63 years old. I write to you to share not only my apology for the life I have wasted, but to share the positive changes that have been realized. I would respectfully ask for your kind consideration the possibility of you providing intervention to lighten my load. If I could rejoin my family now, I am convinced that I could continue producing the correct life choices for my young daughter, Hope Francesca, and continue stewarding my other children so that the wrong that I did can continue to be changed into the positive of having my family's productivity partially atone for my sins. Please allow me to rejoin society as one who has seen the light of redemption. Your consideration to this request is appreciated beyond words.

## CONCLUSION

Petitioner Sanchez respectfully requests this honorable Court to impose a new sentence under 18 U.S.C 3582 & Section 404(b) of the First Step Act. It would not be completely unorthodox, considering the many commutations given under President Obama or the commutations being considered by President Trump, to impose: (1) a significantly reduced sentence; (2) a period of home confinement from the current time served; (3) or an early release to a halfway house from the current time served.

Thank you very much for your time and consideration.

Date: Oct-17-2019

Roberto Sanchez

Dear Warden;

I ask that you support my request for a reduction in sentence(RIS) as a result of compelling and extraordinary circumstances under 18 u.s.c 3582 (c)(i)(A)(i) Also known as the first step Act signed into Law on December,21,2018. I believe that i qualify for such consideration as a result of events that have transpired since the date of my sentencing that judge Sullivan could not have reasonably foreseen when he imposed a must harsh 240 month sentence on Aug,10 2008. I am acutely aware of the consequence of my criminal activity on to people that were negatively impacted from the devasting poison of drugs. To this day i regret with all my heart the damage i caused to society and accept full responsibility for my horrible conduct. I had decided early on to change the direction of my life while i was in prison ]. To that end my experience as positive and productive as I could manage. I have completed over 100 programs during my over 10 years in various institutions. Please consider the attached" which reveals these achievements. In addition while incarcerated I earned certifications to operate Heavy Equipment Trucks, Dump Trucks, Back Hoe, Front Loader, BOP Buses and vans. Please see "Exhibit B" which verify these certifications. Further I have been granted numerous furloughs because of my positive disciplinary record and the trust given me at various facilities.

As important for this request is my family's need for my re-unification. While I have attempted, to Sheppard my flock from afar, it is inadequate to guide and counsel children without one's physical presence. I am proud of their successes. My son Carlos Sanchez is an administrator with the New York City Police Dept. My other son Robert Sanchez, is a middle school Math teacher at I.S 37. My daughter Jenny is a Lieutenant in the 44 Prescient in the Bronx and my son Christopher Sanchez is a Police Officer in Trenton N.J. These proud accomplishments of my family still are unfinished since my youngest daughter Hope Francesca Sanchez who is 16 needs me more than ever to guide and counsel her through important times in her life. Having my family select the right paths of life will be my must important contribution and atonement for the tragic mis-direction of my life.

Your Honor has the power to look at my life since sentencing and hopefully acknowledge the compelling changes since that fateful day in 2008. Recent cases may persuade you to use your great power to allow me to take the final step to select a new path of good over evil, honor over disrespect and lawfulness over the wicked days of my past. A district Judge Gleason took bold steps in granting a RIS in recent case of U.S v. Manks 03-cr-6023 (WDNY 3/14/19 which followed Judge Gleason of the Eastern District of New York in the Holloway matter. These two counts newed the law as a compassionate tool of

TRULINCS 90282054 - SANCHEZ, ROBERTO - Unit: OTV-C-A

----

society. Please consider me for this result and I will live the rest of my life making you proud of you choice.

Thank You.

U.S. DEPARTMENT OF JUSTICE | REQUEST FOR ADMINISTRATIVE REMEDY
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Roberto Sanchez   90282-054   Camp   Otisville
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A– INMATE REQUEST**

Compassion Release

Sept 4 2019
DATE                                           SIGNATURE OF REQUESTER

**Part B– RESPONSE**

See Attach

No Answer

_____                        _____
DATE                                          WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

THIRD COPY: RETURN TO INMATE                  CASE NUMBER: _____

                                              CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

_____                               _____
DATE                                          RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                                                BP-229(13)
                                                                       APRIL 1982