UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| -v- | No. 08-cr-789-1 (RJS) |
| ROBERTO SANCHEZ, | ORDER |
| Defendant. | |

RICHARD J. SULLIVAN, Circuit Judge:

The Court is in receipt of Defendant Roberto Sanchez's April 17, 2020 letter motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) in light of the COVID-19 pandemic. (Doc. No. 409 ("Sanchez Ltr.").)  Because Sanchez has not yet exhausted his administrative remedies, his request is DENIED without prejudice.

Sanchez is currently serving a sentence of 240 months' imprisonment that the Court imposed on September 24, 2009 after he pleaded guilty to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846.  (Doc. No. 140.)  According to the Bureau of Prisons ("BOP"), he has a projected release date of August 25, 2025.  Sanchez requests that the Court "reduce [his] sentence to time served" (Sanchez Ltr. at 2) and "release him to begin his term of supervised release" (*id.* at 9).  He contends that FCI Elkton in Elkton, Ohio – the facility in which he is housed – "is ill-equipped to contain the pandemic" and prevent the spread of COVID-19 among inmates (*id.* at 1), which is particularly dangerous to him because he has diabetes and hypertension and is therefore "more likely to experience severe symptoms and complications" if infected (*id.* at 1–2).  Sanchez did not wait 30 days after seeking relief from the BOP to bring his motion.  He submitted a letter to the warden of FCI Elkton on April 9, 2020 requesting a reduction in his sentence and received a boilerplate reply on April 11, 2020 (*id.* at 2) stating that "[i]nmates

are reviewed on an individual basis to determine eligibility for a period of pre-release confinement, including placement on home confinement" (Doc. No. 409 Ex. C).

The Court recently examined the issues that Sanchez's request for compassionate release raises in detail in *United States v. Ogarro*, No. 18-cr-373 (RJS), 2020 WL 1876300 (S.D.N.Y. Apr. 14, 2020). Specifically, the Court determined that section 3582(c)'s "exhaustion proscription is clear" and "mandates that where the BOP has not submitted an application for a sentence reduction, a court cannot, under any circumstances, grant compassionate release unless the defendant has either 'fully exhausted all administrative rights to appeal' or waited at least 30 days from the receipt of such a request by the warden of the defendant's facility." *Id.* at *3 (quoting 18 U.S.C. § 3582(c)(1)(A)). The Court further held that it has no authority to waive that exhaustion requirement. *Id.* at *4. Accordingly, Sanchez's failure to exhaust his administrative remedies compels the Court to deny his motion.

Although the Court is not at this time empowered to reduce Sanchez's sentence under section 3582(c), there exist two potential remedies that can offer him the type of relief that he is seeking. The first is a furlough under 18 U.S.C. § 3622. As at least one other court has acknowledged, section 3622 "would provide a means to release [Sanchez] until the threat posed by COVID-19 subsides and [he] [could] be safely returned to prison to finish [his] sentence." *United States v. Roberts*, No. 18-cr-528 (JMF), 2020 WL 1700032, at *3 (S.D.N.Y. Apr. 8, 2020). The second is home confinement as contemplated in the recently enacted CARES Act, Pub. L. No. 116-136 (2020), and the Attorney General's April 3, 2020 memorandum to the BOP. Under the CARES Act § 12003(b)(2), "if the Attorney General finds that emergency conditions will materially affect" the BOP's functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under 18 U.S.C.

§ 3624(c)(2), which recognizes the BOP's authority to release inmates to home confinement in certain circumstances. The Attorney General has made such a finding regarding the emergency conditions that now exist as a result of COVID-19. *See* Memorandum from Att'y Gen. William Barr to Dir. of Bureau of Prisons (Apr. 3, 2020), https://www.justice.gov/file/1266661/download. Significantly, both of these remedies are exclusively within the discretion of the BOP; the Court lacks authority to order either one.

Sanchez previously moved for compassionate release, pro se, on November 26, 2019. (Doc. No. 402.) He subsequently submitted a pro se letter in connection with that motion, referring to the COVID-19 pandemic and his medical conditions, on April 9, 2020. (Doc. No. 406.) On April 15, 2020, the Court directed the government to respond to Sanchez's pro se motion by April 22, 2020. (Doc. No. 407.) Sanchez's counsel for his April 17, 2020 motion for compassionate release does not refer to his earlier pro se motion whatsoever in her submission. Accordingly, IT IS HEREBY ORDERED THAT Sanchez's counsel shall file a letter by Wednesday, April 22, 2020 informing the Court whether she will also be representing Sanchez in connection with his November 26, 2019 motion for compassionate release moving forward.

The Clerk of Court is respectfully directed to terminate the motion pending at document number 409.

SO ORDERED.

Dated:      April 20, 2020
            New York, New York

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation