UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| -v- | No. 08-cr-789-1 (RJS) |
| ROBERTO SANCHEZ, | ORDER |
| Defendant. | |

RICHARD J. SULLIVAN, Circuit Judge:

Now before the Court are a series of submissions by or on behalf of Defendant Roberto Sanchez in support of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons set forth below, Sanchez's motion is DENIED.

I. Background

Sanchez is currently serving a sentence of 240 months' imprisonment that the Court imposed on September 24, 2009 after he pleaded guilty to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. (Doc. No. 140.) According to the Bureau of Prisons ("BOP"), he has a projected release date of August 25, 2025.

On November 26, 2019, Sanchez submitted a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on his remorse and rehabilitation while incarcerated. (Doc. No. 402 ("Pro Se Ltr.") at 2.) He highlighted that he has served over half of his term of imprisonment, that he has decided to better himself, and that he has completed numerous prison programs. (*Id.*) He requested a reduction in his sentence to time served, to home confinement, or to release to a halfway house. (*Id.* at 3.) The motion further indicated that he submitted his request to the BOP on September 4, 2019. (*Id.* at 4–6.) On April 9, 2020, Sanchez filed a pro se letter supplementing his motion for compassionate release in which he referred to his medical conditions

– namely, diabetes and high blood pressure – and the presence of COVID-19 at FCI Elkton in Elkton, Ohio, the facility in which he is housed. (Doc. No. 406.)

On April 20, 2020, Sanchez, now represented by counsel, filed a second supplemental letter principally contending that compassionate release is warranted based on his risk of contracting COVID-19 and the possibility that he would "experience severe symptoms and complications" if infected because of his medical conditions. (Doc. No. 411 ("Counseled Ltr.") at 2.) The Court directed the government to respond to Sanchez's November 26, 2019, April 9, 2020, and April 20, 2020 letters (Doc. Nos. 407, 412), and received that response on April 22, 2020 (Doc. No. 414). The government asserts that Sanchez's motion for compassionate release based upon his alleged rehabilitation should be denied because rehabilitation is not an extraordinary and compelling reason to reduce a sentence under § 3582(c)(1)(A)(i) (*id.* at 7), and that, to the extent that Sanchez bases his motion on the COVID-19 pandemic and his medical conditions, it should be denied without prejudice for failure to exhaust his administrative remedies (*id.* at 7–8). Sanchez responded on April 28, 2020, reiterating his contention that the COVID-19 pandemic and his medical conditions constitute extraordinary and compelling reasons to reduce his sentence under § 3582(c)(1)(A)(i). (Doc. No. 415 ("Counseled Resp.").)

II. Discussion

Under 18 U.S.C. § 3582(c)(1)(A), the Court may "reduce" a defendant's sentence where "extraordinary and compelling reasons warrant such a reduction" and such relief would be consistent with both the factors in 18 U.S.C. § 3553(a) and "applicable policy statements issued by the Sentencing Commission." Without a motion from the BOP, however, the Court "may not" grant compassionate release unless the defendant either (1) "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf" or (2) waited "30 days

from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* The relevant policy statement applicable here – U.S.S.G. § 1B1.13 – states that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement," *id.* cmt. n.3.

Sanchez submitted a request to the BOP to bring a motion for compassionate release on his behalf on September 4, 2019 (Pro Se Ltr. at 4–6), so he has satisfied the 30-day statutory waiting period in connection with his November 26, 2019 motion. Nevertheless, the Court must deny that motion because it is based exclusively on his purported rehabilitation while incarcerated. *See, e.g., United States v. Lisi*, No. 15-cr-457 (KPF), 2020 WL 881994, at *4 (S.D.N.Y. Feb. 24, 2020) (finding that "rehabilitation of the defendant" did not constitute "an extraordinary and compelling reason for compassionate release" (internal quotation marks omitted)). As the Court explained in response to Sanchez's prior motion for compassionate release based on his accomplishments in prison and his completion of prison programs, "[t]he Court commends [Sanchez] on these achievements[,] [but] it is without the power to modify his term of imprisonment on the basis of such behavior alone." (Doc. No. 396 at 2.)

To the extent that Sanchez moves for compassionate release based on his health conditions and risk of exposure to COVID-19, as articulated in his April 9, 2020 and April 20, 2020 letters, the Court DENIES that request without prejudice. The Court has already held, in connection with Sanchez's separate April 17, 2020 counseled motion for compassionate release (Doc. No. 409), that Sanchez has yet to exhaust his administrative remedies with the BOP for that request as required by § 3582(c)(1)(A) (Doc. No. 410 at 2) – a holding that Sanchez's counsel inexplicably fails to even acknowledge in counsel's filings (*see* Counseled Ltr.; Counseled Resp.). Though Sanchez continues to maintain that the Court may waive the statutory exhaustion requirement, the

Court reiterates its holding that "it has no authority to waive that exhaustion requirement." (Doc. No. 410 at 2.)

To be sure, more than 30 days have elapsed since Sanchez filed his request for compassionate release premised on COVID-19 with the BOP on April 9, 2020. But prisoners seeking compassionate release must exhaust their claims *before* filing their motion with the Court. *See United States v. Salemo*, No. 11-cr-65 (JSR), 2020 WL 2521555, at *1 (S.D.N.Y. May 17, 2020) (explaining that "an inmate [may] file a motion for compassionate release, *but only after* exhausting administrative review of the denial of a request to the BOP for compassionate release, or after 30 days have passed since the request was made to the warden, whichever is earlier" (emphasis added)); *United States v. Nieves*, No. 12-cr-931 (AJN), 2020 WL 2476185, at *2 (S.D.N.Y. May 13, 2020) ("Before filing a compassionate release motion, a defendant usually must satisfy the statute's administrative exhaustion requirement."); *United States v. Woodson*, No. 18-cr-845 (PKC), 2020 WL 1673253, at *2 (S.D.N.Y. Apr. 6, 2020) ("If the BOP does not act favorably on the defendant's request after 30 days, the exhaustion requirement is dispensed with *and the defendant may bring his application to the Court*." (emphasis added)). Moreover, the record is silent as to whether and how the BOP has responded to that petition. Therefore, since Sanchez amended his compassionate release motion without first exhausting his administrative remedies, and since the Court's analysis of Sanchez's COVID-19-based claim will surely benefit from the fuller record that includes the BOP's assessment of the claim and the government's response on the merits of the claim (as opposed to its procedural objections based solely on exhaustion), the Court declines to address the merits of Sanchez's request for compassionate release premised on COVID-19 at this time. *See United States v. Brady*, No. 18-cr-316 (PAC), 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (emphasizing the "fact-intensive inquiry made

in the unique circumstances and context of each individual defendant" that compassionate release motions require, especially "amid the COVID-19 pandemic" (internal quotation marks and citations omitted)); *United States v. Roberts*, No. 18-cr-528 (JMF), 2020 WL 1700032, at *2 n.2 (S.D.N.Y. Apr. 8, 2020) (explaining that "[t]he BOP is frequently in the best position to assess, at least in the first instance, a defendant's conditions, the risk presented to the public by his release, and the adequacy of a release plan" (internal quotation marks omitted)).

Accordingly, IT IS HEREBY ORDERED THAT Sanchez's motion for compassionate release is DENIED, without prejudice to renewal. In the event that Sanchez seeks to renew his petition based on his health conditions and the risks associated with COVID-19 at his facility, he shall provide the Court with a copy of his petition to the BOP and the response(s), if any, provided by the BOP. If and when Sanchez files a renewed motion, the government shall respond to the motion addressing the merits of that request within five days. The Clerk of Court is respectfully directed to terminate the motion pending at document number 402.

SO ORDERED.

Dated:     May 21, 2020
           New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation