**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

May 29, 2020

**VIA ECF**
Honorable Richard J. Sullivan
United States District Court
Southern District of New York
New York, NY 10007

 Re: *United States v. Roberto Sanchez,* 08-Cr-789
   Defendant's Renewed Motion for Compassionate Release Due to COVID-19 Outbreak at FCI Elkton

Your Honor:

  I write to renew Roberto Sanchez's motion for compassionate release, pursuant to 18 U.S.C. § 3582(c), and rely upon the arguments contained therein. Dkt. Nos. 411 (attached as Exhibit A), 414 (attached as Exhibit B). The BOP received Mr. Sanchez's request for compassionate release 47 days ago and still has not made a decision on Mr. Sanchez's request for compassionate release. The Court denied Mr. Sanchez's motion "without prejudice to renewal" and "decline[d] to address the merits of [Mr.] Sanchez's request for compassionate release premised on COVID-19 at this time." Dkt. No. 416. With the passage of time, the motion is now ripe. 18 U.S.C. § 3582(c)(1)(A).

  Mr. Sanchez is 56 years old, suffering from diabetes and hypertension for which he takes numerous medications to manage his illnesses. These conditions place him within overlapping, high-risk categories for serious complications stemming from COVID-19. Notably, since the filing of his compassionate release motion, these conditions have led to Mr. Sanchez being listed as a subclass member for those incarcerated within FCI Elkton that have "documented medical issues" – a list created in response to court order in light of the facility's failures to adequately respond to the pandemic. *See Wilson v. Williams*, 20 Cv 794 (JG), ECF Nos. 22 & 35-1 (N.D.O.H. Apr. 22, 2020); List of Subclass Members attached as Exhibit C.

  Others with similar health problems have been granted compassionate release. *See, e.g.*, *United States v. Zukerman*, 16 Cr. 194 (AT) (S.D.N.Y. Apr. 3, 2020) (granting compassionate release due to COVID-19 pandemic where defendant suffered from diabetes, hypertension, and obesity). The risks to Mr. Sanchez's health are simply too great to allow him to remain in a correctional setting, particularly a facility like FCI Elkton that has patently failed to adequately protect inmates.

1

Mr. Sanchez is due to be released from custody on August 25, 2025. *See* BOP Inmate Locator. On September 24, 2009, this Court sentenced Mr. Sanchez to 240 months' imprisonment. Accordingly, Mr. Sanchez has served well over fifty percent of his incarceratory term.

We ask the Court reduce Mr. Sanchez's sentence to time served so he can immediately begin his term of supervised release. Granting this motion is consistent with the compassionate release statute, the realities of the instant pandemic, and Mr. Sanchez's personal circumstances. Doing so could very well save Mr. Sanchez's life.

Procedural History:  This Motion is Ripe for Review

On April 9, 2020, Mr. Sanchez, through counsel, submitted a letter to FCI Elkton Warden formally requesting a reduction in his sentence in light of these provisions and directives. Exhibit D (letter and e-mail to Warden). On April 11, 2020, counsel received a boilerplate email from FCI Elkton regarding their general efforts to review cases for home confinement eligibility. Exhibit E (e-mail from FCI Elkton).

On April 20, 2020, defense counsel submitted a supplemental motion for compassionate release to the Court on the basis of the COVID-19 pandemic, requesting that the court waive the administrative exhaustion requirements. Dkt. No. 411. The Court denied the motion without prejudice to renewal. Dkt. No. 416.

As of today, May 29, 2020, no decision regarding his application for sentence modification has been received by counsel from the facility and no other communication except for the April 11, 2020 email from the BOP. Indeed, 50 days have passed since Mr. Sanchez's request was made to the Bureau of Prisons; therefore, it is ripe for review by the sentencing court. *See* 18 U.S.C. § 3582(c)(1)(A).

There are "Extraordinary and Compelling Reasons" to Sentence Mr. Sanchez to Time Served

"The COVID–19 pandemic is extraordinary and unprecedented in modern times in this nation. It presents a clear and present danger to free society for reasons that need no elaboration." *United States v. Hernandez*, No. 18 Cr. 834 (PAE), 2020 WL 1684062, at *3 (S.D.N.Y. Apr. 2, 2020). The Court should grant Mr. Sanchez's compassionate release under 18 U.S.C. § 3582 and sentence him to time served and supervised release. The First Step Act specifically expanded the power of district courts regarding compassionate release. Under this section of the First Step Act, a sentencing court, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction; … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission …." 18 U.S.C. § 3582(c)(1)(A); *see also, e.g.*, *United States v. Wong Chi Fai*, No. 93 Cr. 1340 (RJD), 2019 WL 3428504, at *2 (E.D.N.Y. July 30, 2019).

The relevant Sentencing Commission policy statement defines "extraordinary and compelling reasons" to include a defendant's medical conditions, age, family circumstances, and "other reasons." *See* U.S.S.G. § 1B1.13, Application Note 1. The Commission also requires that

2

the defendant not be "a danger to the safety of any other person or to the community." *Id.* The First Step Act sought to expand the use of compassionate release by shifting greater discretion to district courts to determine what constitutes "extraordinary and compelling" reasons for a sentence reduction under the statute. A district court's order must be "consistent" with the Sentencing Commission's guidance, but a court is not limited to the specific enumerated examples set forth by the Commission in finding "extraordinary and compelling" reasons for release. Even when a defendant's condition "does not place him with any of the [Sentencing Commission's] Policy Statement's definitions of 'extraordinary and compelling reasons,'" the "COVID-19 pandemic combined with [the defendant's] particular vulnerability to complications from COVID-19 because of his hypertension" creates a "risk of serious illness or death" that "constitutes an extraordinary and compelling reason militating in favor of his release." *United States v. William Sawicz*, No. 08 Cr. 287 (ARR), ECF Dkt. 66 (E.D.N.Y. Apr. 10, 2020) (granting compassionate release).

Indeed, many courts have considered and granted compassionate release during the instant pandemic. *See, e.g.*, *United States v. William Knox*, No. 15 Cr. 445 (PAE), Dkt. No. 1088 (S.D.N.Y. Apr. 10, 2020); *United States v. Resnick*, No. 12 Cr. 152 (CM), ECF Dkt. No. 461 (S.D.N.Y. Apr. 2, 2020); *United States v. Wilson Perez*, No. 17 Cr. 513 (AT), Dkt. No. 98, (S.D.N.Y. Apr. 1, 2020); *United States v. Darnell Jackson*, No. 15 Cr. 135 (ENV), Dkt. No. 208 (E.D.N.Y. Apr. 6, 2020); *United States v. Sawicz*, No. 08 Cr. 287 (ARR), 2020 WL 1815851, at *2 & n.2 (E.D.N.Y. Apr. 10, 2020).

COVID-19 Continues to Spread Rapidly

In the month since Mr. Sanchez filed his supplemental motion, the numbers of positive cases and fatalities from COVID-19 have skyrocketed. On April 20, 2020, there were 770,138 confirmed positive cases in the United States; as of this weekend, there are more than 1.7 million positive cases, more than doubling the rate of positive cases in one month.[1] Similarly, the rate of deaths in the United States has nearly tripled from 37,186 to 101,635.[2]

Worse, the BOP's numbers of positive inmates has more than tripled since the original filing – from 497 to 1,610 – despite the limited availability and/or administration of COVID-19 tests.[3] FCI Elkton's particular difficulty in containing the spread of the virus has been fully exposed within the past month as the rate of infection among inmates has increased by more than six and a half times – from 51 to 332 positive inmates.[4] Despite the increases, even the current numbers are not reliable assessments of the rate of infection, due to the dearth of testing. In prison communities where testing is more comprehensive, the numbers are much higher: an Ohio state prison tested its entire population, including those who were asymptomatic, and found

---

[1] *Coronavirus in the U.S.: Latest Map and Case Count*, The New York Times (May 29, 2020), *at* https://nyti.ms/2UIkCz4.

[2] *Id.*

[3] *BOP: COVID-19 Update*, Federal Bureau of Prisons (May 29, 2020) *at* https://www.bop.gov/coronavirus/.
[4] *Id.*

that 73 percent of the population had coronavirus.[5]

The Risks to Mr. Sanchez are Severe

The comorbidity of Mr. Sanchez's chronic conditions leave him particularly vulnerable to the risks of COVID-19. At 56 years old, Mr. Sanchez suffers from diabetes and hypertension. The Center for Disease Control's study of hospitalized coronavirus patients demonstrates that each of Mr. Sanchez's known conditions and characteristics increase his likelihood for complications from COVID-19:

- 89 percent of patients had underlying health conditions
- 54.4 percent were male
- 49.7 percent had hypertension
- 28.3 percent had diabetes

As explained in earlier submissions, both diabetes and hypertension classify Mr. Sanchez as a person with higher risk of "severe illness" from COVID-19.[6] For example, in a recent study of New Yorkers hospitalized with COVID-19, 56.6% had hypertension.[7] Moreover, "there is evidence that medical treatment for hypertension may add to the risk" for complications from COVID-19.[8] Worse, diabetes is the second-most common condition among people who have died as a result of COVID-19.[9] In a recent study of those hospitalized in New York, 33.8% of those hospitalized were diabetics.[10] These comorbidities, taken together, mean that Mr. Sanchez stands to suffer severe—and even life-threatening—complications should he contract the coronavirus.

In *United States v. Gregory Cooper*, Judge Karas found that the defendant "suffers from several medical ailments that individually and collectively place him in a high-risk category

---

[5] *73% of Inmates at an Ohio Prison Test Positive for Coronavirus*, NPR (Apr. 20, 2020), available at https://www.npr.org/sections/coronavirus-live-updates/2020/04/20/838943211/73-of-inmates-at-an-ohio-prison-test-positive-forcoronavirus?utm_medium=RSS&utm_campaign=nprblogscoronavirusliveupdates.

[6] CDC website, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-athigher-risk.html#serious-heart-conditions.

[7] Richardson, Safiya, *Presenting Characteristics, Comorbidities, and Outcomes Among 5700 Patients Hospitalized With COVID-19 in the New York City Area*, Journal of American Medical Association (JAMA) (Apr. 22, 2020), available at https://jamanetwork.com/journals/jama/fullarticle/2765184.

[8] L. Fang, G. Karakiulakis, and M. Roth, *Are patients with hypertension and diabetes mellitus at increased risk for COVID-19 infection*, Vol. 8, No. 4, The Lancet, Apr. 1, 2020.

[9] *See* Simonnet et al., High prevalence of obesity in severe acute respiratory syndrome coronavirus-2 (SARS-CoV-2) requiring invasive mechanical ventilation, Obesity (Apr. 9, 2020) ("IMV Study"), available at https://www.ncbi.nlm.nih.gov/pubmed/32271993.

[10] *See supra* note 7.

from COVID-19." See *Cooper*, 08 Cr. 356 (KMK) (S.D.N.Y. Apr. 28, 2020) Dkt. No. 181. Mr. Cooper and Mr. Sanchez have in common hypertension and diabetes—all of which the Court recognized as "high risk comorbidity factors." Id.  Indeed, courts have granted compassionate release for defendants that have only one of the conditions that Mr. Sanchez has. *See, e.g.*, *United States v. Sawicz*, 08 Cr. 287 (ARR), 2020 WL 1815851, at *2 (E.D.N.Y. Apr. 10, 2020) (granting compassionate release for a defendant with hypertension, stating, "I agree with the defendant that the risk of serious illness or death that he faces in prison constitutes an extraordinary and compelling reason militating in favor of his release"); *United States v. Dana*, No. 14 Cr. 405 (JMF), ECF Docket No. 108 (S.D.N.Y. Mar. 31, 2020) (granting compassionate release for 60-year-old defendant with diabetes).

Other 3553(a) Factors Justify the Requested Sentence

Time served and supervised release will achieve the statutory goals of sentencing. 18 U.S.C. § 3553(a). The pandemic has dramatically altered the level of punishment that people experience in federal prisons. Since the inception of the pandemic, the punitive aspects of prison life have skyrocketed and the rehabilitative opportunities have been severely diminished. Because of the lock-downs put in place to control the spread of the virus, Mr. Sanchez is being punished even more severely than anyone could have anticipated at the time of his sentencing. Thus, the fact that he has spent weeks upon weeks in a locked-down setting—with no end in sight—coupled with the pervasive fear that prisoners are now living with, is further reason to find that Mr. Sanchez has been sufficiently punished.

If released, Mr. Sanchez will live with brother. There, he and his family members can maintain social distance, wear protective gear, regularly clean their hands and their living spaces, and seek medical care when necessary.  This is unquestionably a safer environment than FCI Elkton where none of those precautions are available. As such, Mr. Sanchez can safely quarantine at home, while protecting himself, his family, and the community.

Conclusion

For the reasons detailed above, the Court should immediately grant Mr. Sanchez's compassionate release and sentence him to time served so he can immediately begin his term of supervised release, pursuant to 18 U.S.C. § 3582(c)(1)(A). Doing so is consistent with the applicable statutes, Mr. Sanchez's safety and the safety of the public.

                        Respectfully submitted,

                        /s/ *Marisa K. Cabrera*

                        Marisa K. Cabrera, Esq.
                        Assistant Federal Defender
                        (917) 890-7612

cc: AUSA Michael Dennis Lockard (by ECF)