UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-                                                       No. 08-cr-789-1 (RJS)
                                                              ORDER
ROBERTO SANCHEZ,

                              Defendant.

RICHARD J. SULLIVAN, Circuit Judge:

On June 17, 2020, the Court issued an order denying Defendant Roberto Sanchez's renewed request for compassionate release under the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A), in light of the COVID-19 pandemic. (Doc. No. 420.) Now before the Court is Sanchez's *pro se* motion for reconsideration of that order. (Doc. No. 421.) Having carefully reviewed Sanchez's motion for reconsideration, the Court finds that reconsideration is not warranted. Accordingly, Sanchez's motion is DENIED.

A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The standard for reconsideration is strict and the decision is within the sound discretion of the district court." *Vencedor Shipping Ltd. v. Ingosstakh Ins. Co.*, No. 09-cv-4779 (RJS), 2009 WL 2338031, at *1 (S.D.N.Y. July 29, 2009) (internal quotation marks omitted). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted). A motion for reconsideration "is not a vehicle for

relitigating old issues, presenting the case under new theories, . . . or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted).

Here, Sanchez maintains that reconsideration is warranted because (1) he is remorseful for his past actions; (2) he has completed an impressive assortment of prison programs; and (3) he plans to make a difference in his community and support his family if released. (Doc. No. 421 at 1–2.) He also briefly refers to the presence of COVID-19 in the facility in which he is housed – FCI Elkton in Elkton, Ohio. (*Id.* at 3.) Nevertheless, the Court must deny Sanchez's motion because he has failed to meet the strict standard for reconsideration. He has pointed to no controlling decision of law or data that the Court previously overlooked, but has merely presented the same arguments that the Court carefully considered in its previous order. (*See* Doc. No. 420.)

The Court reiterates, as explained in its previous orders (Doc. Nos. 410, 420), that Sanchez may still pursue relief in the form of a furlough under 18 U.S.C. § 3622 or home confinement as contemplated in the CARES Act, Pub. L. No. 116-136 (2020), and the Attorney General's April 3, 2020 memorandum to the Bureau of Prisons ("BOP"). The decision to grant that relief, however, is exclusively reserved to the discretion of the BOP.

For the reasons set forth above, Sanchez's motion for reconsideration is DENIED. The Clerk of Court is respectfully directed to mail a copy of this order to Sanchez.

SO ORDERED.

Dated:      July 2, 2020
            New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation