UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

ROBERTO SANCHEZ,

Defendant.

No. 08-cr-789-1 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

On June 17, 2020, the Court issued an order denying Defendant Roberto Sanchez's renewed request for compassionate release under the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A) ("First Step Act"), in light of the COVID-19 pandemic. (Doc. No. 420.) On July 2, 2020, the Court issued an order denying Sanchez's reconsideration of that order. (Doc. No. 422.) Now before the Court is Sanchez's *pro se* letter motion seeking the appointment of counsel to assist him in filing a second motion for reconsideration of the June 17, 2020 order. (Doc. No. 449.) For the reasons stated below, Sanchez's motion is DENIED.

"With respect to post-conviction proceedings, the Criminal Justice Act ("CJA") provides that a district court may appoint counsel 'for any financially eligible person' when 'the interests of justice so require.'" *Lopez-Pena v. United States*, 05-cr-191 (DC), 2020 WL 4450892, at *1 (S.D.N.Y. Aug. 3, 2020) (quoting 18 U.S.C. § 3006A(a)(2)(B)). "In deciding whether to exercise discretion to appoint counsel, courts in the Second Circuit consider the same factors as those applicable to requests for *pro bono* counsel made by civil litigants." *Id.* (internal quotation marks omitted). Accordingly, *pro se* litigants seeking the appointment of counsel pursuant to the CJA must make "a threshold showing of some likelihood of merit" in their claims. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 174 (2d Cir. 1989).

Here, Sanchez has failed to make a "showing of some likelihood of merit" with respect to his proposed second motion for reconsideration. *Id.* As the Court previously explained in its July 2, 2020 order (Doc. No. 422), a motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The standard for reconsideration is strict and the decision is within the sound discretion of the district court." *Vencedor Shipping Ltd. v. Ingosstakh Ins. Co.*, No. 09-cv-4779 (RJS), 2009 WL 2338031, at *1 (S.D.N.Y. July 29, 2009) (internal quotation marks omitted). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted).

Here, Sanchez maintains that reconsideration is warranted because the Court's June 17 and July 2, 2020 orders are inconsistent with the Second Circuit's subsequent decision in *United States v. Zullo*, 976 F.3d 228 (2d Cir. 2020).[1] This argument is meritless.

In *Zullo*, the Second Circuit held the First Step Act "empowered district courts evaluating motions for compassionate release to consider *any* extraordinary or compelling reason for release that a defendant might raise," and that district courts were no longer limited by § 1B1.13

---

[1] In his letter motion, Sanchez also argues that reconsideration is warranted because the Court's orders are inconsistent with decisions from other courts of appeals, *e.g.*, *United States v. Easter*, 975 F.3d 318 (3d Cir. 2020); *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020); and *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020), and the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). As to the extra-circuit court of appeals decisions, not only are they consistent with this Court's previous orders, but they also would not warrant reconsideration because they are not binding on this Court. *See, e.g.*, *Rose v. Barnhart*, 392 F. Supp. 2d 669, 671 (S.D.N.Y. 2005) (denying reconsideration because the purportedly overlooked case was "not binding" on the court). And the Supreme Court's decision in *Booker* was over fifteen years old when this Court issued its June 17 and July 2, 2020 orders, so it is not "an *intervening* change of controlling law." *Virgin Atl. Airways, Ltd.* 956 F.2d at 1255 (internal quotation marks omitted) (emphasis added). Nor are the Court's orders in any way inconsistent with *Booker*.

2

Application Note 1(D) of the U.S. Sentencing Guidelines Manual, "which makes the Bureau of Prisons the sole arbiter of whether most reasons qualify as extraordinary and compelling." 976 F.3d at 230. The Second Circuit vacated the district court's decision and remanded because (1) the district court had held that it was constrained by § 1B1.13 Application Note 1(D); and (2) the *Zullo* court could not "say, as a matter of law, that a court would abuse its discretion by granting" Zullo's motion for compassionate release. *Id.* at 237. Although the *Zullo* court listed several factors that could possibly be relevant to the district court's ultimate decision, it emphasized that "consideration of th[o]se factors and of their possible relevance, whether in isolation or combination, is best left to the sound discretion of the trial court in the first instance." *Id.* at 238.

Nothing in this Court's June 17 or July 2, 2020 orders is inconsistent with *Zullo*. In contrast to the district court in *Zullo*, the Court did not deny Sanchez's motion for compassionate release because *the Bureau of Prisons* had determined that he failed to establish extraordinary and compelling reasons for his release. Rather, in its June 17 order, the Court undertook *its own* analysis of Sanchez's case and determined that he had not shown that "extraordinary and compelling reasons warrant[ed]" his release, as required by 18 U.S.C. § 3582(c)(1)(A). (*See* Doc. No. 420 at 5–6.) Moreover, the Court held that even if Sanchez *had* established such extraordinary and compelling reasons, "the § 3553(a) factors, on balance, strongly disfavor compassionate release." (*Id.* at 6.) The Court explained that its "reasons for imposing a sentence of 240 months' imprisonment on Sanchez are just as applicable today as they were in 2009," and that "[r]educing his sentence by over five years and converting it to time served would undermine its deterrent effect." (*Id.* at 6–7.) The Court's June 17 order is therefore entirely consistent with *Zullo*. And the Court's July 2 order simply denied Sanchez's motion for reconsideration because he "pointed to no controlling decision of law or data that the Court previously overlooked," and instead "merely

presented the same arguments that the Court carefully considered in its previous order." (Doc. No. 422 at 2.)

Thus, as with Sanchez's first motion for reconsideration, he still cannot point to any controlling decision of law or data that the Court previously overlooked, so his second motion for reconsideration is also meritless. And because Sanchez cannot make a threshold showing that his second motion for reconsideration has "some likelihood of merit," the Court will not exercise its discretion to appoint him counsel for the purposes of filing his motion for reconsideration. *Cooper*, 877 F.2d at 174.

For the reasons set forth above, Sanchez's motion for the appointment of counsel pursuant to the CJA is DENIED. The Clerk of Court is respectfully directed to mail a copy of this order to Sanchez.

SO ORDERED.

Dated:  February 15, 2021
        New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation